## No. 3128

### Second Circuit

---

### MASON v. COSTANZA

---

(November 10, 1927. Opinion and Decree.)
(December 21, 1927. Rehearing Refused.)
(May 7, 1928. Reversed by Supreme Court on Writ of Certiorari and Review.)
(See 117 So. 240.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 154, 160 b.**

Section 33 of the Workman's Compensation Act No. 20 of 1914 as amended by Act 38 of 1918 governs relative to right of employee to demand payment of the full amount of the judgment on failure of employer to pay six successive payments. Section 8, subsection 7 of Act No. 20 of 1914 as amended by Act 85 of 1926 does not apply where judgment has previously been awarded because judgment acts as notice.

2. **Louisiana Digest—Master and Servant —Par. 154, 160 b, 160 e.**

Where evidence does not show that plaintiff did anything to lead defendant to believe plaintiff had waived the right to demand that the judgment be made executory or that the action of defendant was such as to prevent the judgment from being declared executory under Section 33 of Act 20 of 1914 as amended by Act 38 of 1918, the Workmen's Compensation Act, the judgment will be made executory under that act after failure of defendant to make six successive payments.

3. **Louisiana Digest—Master and Servant —Par. 154; Constitutions and Constitutional Law—Par. 138, 139.**

Section 33 of the Workmen's Compensation Act No. 20 of 1914 as amended by Act 38 of 1918 is not unconstitutional under Section 2, Article 1 of the Constitution of Louisiana or the XIVth amendment of the Constitution of the United States because, under the wording of the provision the penalty is applicable in all cases where payments are not made at maturity.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Dennis Mason against Joseph Costanza.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Robert Roberts, Jr., C. F. Currier, of Shreveport, attorneys for plaintiff, appellee.

Crain, Jackson & Johnson, of Shreveport, attorneys for defendant, appellant.

ODOM, J. Dissents.

WEBB, J. Plaintiff obtained judgment against defendant under Act No. 20 of 1914, as amended, for compensation at the rate of ten and 40-100 dollars per week for a period not to exceed one hundred and fifty weeks, in which judgment the fee of counsel representing plaintiff was fixed at twenty percent, as provided by the amendment, Act No. 85 of 1926, and the judgment also provided that the cause could be reopened after the expiration of six months.

Soon after the rendition of the judgment, the installments which were due prior to the date of the judgment were paid to the attorneys representing plaintiff, and there being no further payments made plaintiff, after six successive installments had not been paid, filed a rule on defendant to show cause why the judgment should not be made executory for the full amount.

In answer to the rule, defendant admitted that six successive installments had not been paid, and alleged the failure to pay had not been through any fault of defendant but that he had been able, ready and willing at all times to pay and had so informed plaintiff and his counsel, and that he had requested plaintiff, whom he happened to meet on the street, to call at his place of business and receive the installments as they fell due and that he had sent a message to plaintiff on two occasions requesting him to call and receive the installments and that he would have paid the installments as they fell due had plaintiff or his attorneys made any request for payment of the same.

He further alleged that plaintiff's condition had very materially improved and that plaintiff realizing same and that he would not be entitled to compensation after the expiration of six months had purposely re-fused to request payment of the installments as they came due with the view of having the judgment rendered executory for the full amount, and thus to deprive defendant of the right to reopen the case.

The rule was tried on the issues presented and defendant moved to reopen the case in order that defendant could show that his place of business was located on Marshall Street in the City of Shreveport where plaintiff had been employed for several months at the time he was injured and where he had been paid his wages during the time of his employment; and the cause being reopened, defendant pleaded that Section 33 of Act oN. · 20 of 1914 as amended was unconstitutional and in violation of Section 2 of Article I of the Constitution of the State of Louisiana and of the XIV amendment to the Constitution of the United States, and the cause being again tried and submitted the rule was made peremptory and the judgment was made executory for the full amount, from which defendant appeals.

### OPINION.

Section 33 of the statute, as amended by Act No. 38 of 1918, provides:

"That in the event the employer against whom there has been rendered a judgment of court awarding compensation in favor of any employee or his dependent shall become insolvent or fail to pay six successive installments as they become due, the installmnts not yet payable under said judgment shall immediately become due and exigible and the judgment shall become executory for the whole amount; provided that if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue."

And while defendant admits that six successive installments had not been paid, he urges that, under another provision of the statute, reading:

"Payments of compensation under this act, shall be paid as near as may be, at the times and places as wages were payable to the injured employee before the accident, but such payments may be made at last known address of employee, when employee is not living at place where wages were paid, a longer interval, not to exceed one month, may be substituted by agreement without the approval of the court, but a longer interval than one month shall be approved by the court."

(Subsection 7 of Section 8 of Act No. 85 of 1926.)

He was bound to pay only at the place where wages had been paid and that plaintiff having failed to make a demand or present himself for payment at such place he could not demand that the judgment be made executory for the full amount.

Defendant also contends that the provision of the statute (section 33) relied upon by the plaintiff provides for a forfeiture and that plaintiff had led defendant to believe that the forfeiture would not be incurred, and that under the statute providing that the court should not be bound by technical rules of procedure but should decide the issues presented equitably (paragraph 4, section 18) the forfeiture should not be declared unless it appears that the defendant had failed to pay after a demand had been made or that he was wilfully avoiding payment; and defendant further contends section 33 of the statute is unconstitutional.

Considering the defences and the evidence relating thereto in the order named.

(1) The evidence shows that defendant had been receiving his wages at plaintiff's place where he was employed at the time of the injury, and defendant contends plaintiff should have made a demand at that place for the payment of the installments as they fell due, and failing to make a demand at such place he could not demand that the judgment be made executory for

the full amount thereof on the mere failure of the defendant to pay; this contention being made on the provisions of subsection 7 of section 8 hereinabove quoted.

The statute clearly provides for two methods of settlement under which the injured employee will receive compensation— one by the agreement of the parties, the other by the court.

The provisions of the statute (subsection 7 of section 8) relative to the compensation being paid as near as may be at the place where wages were payable, or at the last known address of the employee, is placed in that part of the statute where the set-tlement is considered under the agreement of the parties; while the provision (section 33) relative to the right of the employee to demand the payment of the full amount of the judgment upon the failure of the employer to pay six successive payments, is placd in that part of the statute where the settlement is made by the intervention of the court.

The judgment became executory for the amount of the installments as they fell due, and it must be conceded that ordinarily it is not necessary to make a demand for payment before issuing execution on a judgment, as the judgment itself gives notice of the amount due, and to construe the statute as requiring that the judgment creditor should make a demand for payment, would be to distinguish the right of the judgment creditor in compensation cases from the rights of other judgment creditors, which we do not think the statute warrants.

While it may be that the provisions of subsection 7 of section 8 of the statute require a demand for the payment of the compensation agreed upon before proceedings to bring suit, and obtain a judgment, a question which is not involved here, and

as to which we do not express any opinion, we do not think that the provisions of that paragraph are applicable to the case where judgment has already been obtained, which was the only question raised and presented relative to the question of the necessity of a demand.

(2) While the evidence shows that plaintiff did not press the payment of the installments as they fell due, probably due to the hope that defendant would fail to make six successive payments and that he could have the advantage of the statute (section 33) declaring that the judgment should become executory on the happening of such condition, it does not appear that plaintiff actively did anything which could have caused the defendant to assume that he would not enforce the payment of the judgment in full on defendant's failing to pay six successive installments; and while the defendant may have believed that by having expressed a willingness to pay and requesting the plaintiff to call at defendant's place of business and get money when he needed it would prevent plaintiff from having the judgment declared executory, such belief was founded upon his own actions and not upon anything which was done or said by the plaintiff, as it is not proven that plaintiff promised to call at defendant's place of business for the payments.

We do not think the plaintiff could be said to have waived his right to have the judgment declared executory by failing to have execution issued as the payments fell due, and the passiveness or inaction of the plaintiff in failing to demand the payments as they fell due is not easily distinguished from his failure to press the payment by issuing execution.

Conceding, however, that the provision declaring the judgment executory for its full amount is in the nature of a penalty or forfeiture, rather than one to accelerate the payment, and that it should be equitably construed, and although it may be that the plaintiff did not do or say anything which should have led the defendant to believe that the forfeiture would be waived, yet that the forfeiture should not be declared if it appeared that the defendant was in good faith, and desired to make the payments as they fell due but was somewhat in doubt as to the manner of proceeding in view of the plaintiff not demanding the payments as they fell due, the question of his good faith would be somewhat peculiarly within the province of the trial court, who had the opportunity to observe the defendant while on the witness stand, and we cannot say that the court erred, when it appears that defendant had made one payment to the attorneys representing plaintiff and the evidence does not show that the plaintiff had concealed himself or was absent, and that defendant had taken any action which could be said to approximate a tender of payment.

While it is true that after defendant had defaulted making six successive payments and the matter had been brought to the attention of his attorneys that they offered to pay the past due installments to the attorneys of the plaintiff and that on trial of the rule a tender and deposit of the amount due was made at that time, yet the offer of payment was made after defendant had defaulted in the payments and the withdrawal of the amount deposited was made after the judgment on the rule and we do not think such circumstances should be considered in determining the question as to the right of plain-

tiff to demand that the judgment should be made executory.

We are therefore of the opinion that the evidence does not show that plaintiff by his action did anything which should have led the defendant to believe plaintiff had waived the right to demand that the judgment be made executory or that the action of defendant was such as to prevent the judgment from being declared executory.

(3) The attack upon the constitutionality of the statute (section 33) is based upon the provisions of Section 2, Article I of the Constitution and the XIV amendment of the Constitution of the United States; it being urged that the provision visits a penalty upon an employer irrespective of his solvency where he has not carried insurance for the protection of his employees while it exempts an employer who may be insolvent where he carries such insurance.

The defendant has not urged the plea made to the constitutionality of the provision further than to state his position, and under the words of the provision it could be said to be applicable in all cases where payments are not made at maturity by the employer or an insurance company representing the employer, and under that construction the question raised by the plea would not be presented; as the defendant having failed to pay the installments as they matured or the payments not having been made through someone obligated to defendant to pay, would be subject to the provisions of the statute.

The judgment appealed from is therefore affirmed.

ODOM, J., dissents.